**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-1198**

———————

MICHAEL GEMAEHLICH,

              Plaintiff - Appellant,

      v.

OCTAVIA L. JOHNSON, individually and in her official
capacity as Roanoke City Sheriff; DEPUTY KENNETH FERRELL,
individually and in his official capacity as a Roanoke City
Sheriff's Office deputy; DEPUTY FRANK PORTER, individually
and in his official capacity as a Roanoke City Sheriff's
Office deputy; DEPUTY JENNIFER CALLAHAN, individually and in
her official capacity as a Roanoke City Sheriff's Office
deputy; SERGEANT STEPHEN SOUTHERLAND, individually and in
his official capacity as a Roanoke City Sheriff's Office
sergeant,

              Defendants - Appellees.

———————

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke.  Samuel G. Wilson, District
Judge. (7:12-cv-00263-SGW-RSB)

———————

Submitted:  November 25, 2014     Decided:  December 2, 2014

———————

Before WILKINSON, GREGORY, and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

John P. Fishwick, Jr., LICHTENSTEIN FISHWICK PLC, Roanoke,
Virginia, for Appellant.  Carlene Booth Johnson, PERRY LAW FIRM

PC, Dillwyn, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Gemaehlich filed a second amended complaint against Sheriff Octavia Johnson, Deputies Kenneth Ferrell, Frank Porter, and Jennifer Callahan, and Sergeant Stephen Sutherland seeking damages for excessive use of force, in violation of 42 U.S.C. § 1983 (2012), conspiracy to violate his civil rights, and assault and battery in violation of state law. Gemaehlich now appeals the district court's orders granting in part Defendants' motion to dismiss, granting in part Defendants' motion for summary judgment, and denying his motion for a new trial. We affirm.[1]

Gemaehlich contends that the district court erred in overruling his objections to the magistrate judge's discovery ruling that only some of the complaints and investigative files he sought were discoverable. If timely objections are raised to a magistrate judge's rulings on nondispositive matters, the district court must review these objections and set them aside

---

[1] We possess jurisdiction to review all of the issues Gemaehlich raises on appeal. See Miami Tribe of Okla. v. United States, 656 F.3d 1129, 1137 (10th Cir. 2011) ("It is a general rule that all earlier interlocutory orders merge into final orders and judgments . . . .") (internal quotation marks and brackets omitted); MLC Auto., LLC v. Town of S. Pines, 532 F.3d 269, 279 (4th Cir. 2008) ("[D]esignation of a postjudgment motion in the notice of appeal is adequate to support a review of the final judgment when the intent to do so is clear.") (internal quotation marks omitted).

if "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a). The district court reviewed the magistrate judge's ruling and concluded that it was not clearly erroneous, in light of the court's ability to limit discovery under Federal Rule of Civil Procedure 26(b)(2)(C) and the magistrate judge's "hands-on approach to the discovery process." We conclude that the district court did not abuse its discretion in overruling Gemaehlich's objections to the magistrate judge's discovery ruling. See Kolon Indus., Inc. v. E.I. DuPont de Nemours & Co., 748 F.3d 160, 172 (4th Cir. 2014). cert. denied, 83 U.S.L.W. 3084 (U.S. Nov. 3, 2014) (providing standard of review).

Next, Gemaehlich contends that the district court erred in granting summary judgment for Defendants on the issue of whether the deputies used excessive force while searching him at the intake counter. We review de novo a district court's grant of summary judgment, "viewing the facts and the reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." Emmett v. Johnson, 532 F.3d 291, 297 (4th Cir. 2008). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the nonmoving party's] case." Thompson v. Potomac Elec. Power

4

Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted).

Viewing the facts presented to the district court at the summary judgment stage in the light most favorable to Gemaehlich, we conclude that the court did not err in granting summary judgment for the Defendants regarding the incident at the intake counter. It is apparent from the evidence presented that the deputies' actions were not performed "maliciously and sadistically for the very purpose of causing harm" but were made "in a good faith effort to maintain or restore discipline." Whitley v. Albers, 475 U.S. 312, 320-21 (1986) (internal quotation marks omitted); see Young v. City of Mount Ranier, 238 F.3d 567, 575 (4th Cir. 2001) (holding that "[p]retrial detainees are entitled to at least the same protection under the Fourteenth Amendment as are convicted prisoners under the Eighth Amendment") (footnote omitted).

Gemaehlich also contends that the district court erred in permitting Defendants to raise at trial the issue of whether he consulted counsel prior to filing a complaint with the Sheriff's Office. Upon review, we note that the district court took under advisement Gemaehlich's motion in limine to exclude any such evidence, and Gemaehlich did not renew his motion at trial. Instead, he opted to testify on direct examination that he consulted counsel prior to filing the complaint. In choosing

to testify to that fact on direct examination, we conclude, Gemaehlich has waived any claim on appeal that such evidence was erroneously admitted. See Ohler v. United States, 529 U.S. 753, 755 (2000) ("[A] party introducing evidence cannot complain on appeal that the evidence was erroneously admitted . . . .").

Gemaehlich next contends that the district court erred in refusing to provide a separate jury instruction on his claim that Defendants conspired to deprive him of his civil rights. In light of the jury's verdict that the deputies did not use excessive force against Gemaehlich, we need not address this claim. See Hinkle v. City of Clarksburg, 81 F.3d 416, 420-21 (4th Cir. 1996) (concluding that claims derivative of excessive force claim were mooted by jury's verdict finding no excessive force); see also id. at 421 ("To establish a civil conspiracy under § 1983, [a plaintiff] must present evidence that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [plaintiff's] deprivation of a constitutional right . . . .").

Additionally, Gemaehlich contends that the district court erred in denying his motion for a new trial because the jury's verdict is against the clear weight of the evidence.[2] "A

---

[2] Gemaehlich also contends that the doctrine of cumulative error entitles him to a new trial. We have not determined whether the cumulative error doctrine applies in civil cases, (Continued)

district court's denial of a motion for a new trial is reviewed for abuse of discretion, and will not be reversed save in the most exceptional circumstances." Minter v. Wells Fargo Bank, N.A., 762 F.3d 339, 346 (4th Cir. 2014) (internal quotation marks omitted). When the party moving for a new trial did not previously move for judgment as a matter of law under Federal Rule of Civil Procedure 50, "our scope of review is exceedingly confined, being limited to whether there was any evidence to support the jury's verdict, irrespective of its sufficiency, or whether plain error was committed which, if not noticed, would result in a manifest miscarriage of justice." Id.

Gemaehlich did not move for judgment as a matter of law. Our review of the evidence convinces us that there is evidence supporting the jury's verdict, and there was no plain error committed that would result in a miscarriage of justice if we declined to notice it. We therefore conclude that the district court did not abuse its discretion in denying Gemaehlich's motion.

Finally, turning to Gemaehlich's challenges to the district court's order granting in part Defendants' motion to

see Anthony v. Ward, 336 F. App'x 311, 322 (4th Cir. 2009) (No. 07-1932); however, even if we recognized its application in a civil context, Gemaehlich has not demonstrated errors allowing its application in his case.

7

dismiss, we first conclude that we need not address the merits of Gemaehlich's contention that the district court erred in dismissing all claims against Johnson, in light of the fact that the jury returned a verdict for the deputies in this case. See Hinkle, 81 F.3d at 420-21 (holding that challenge to district court's grant of summary judgment for supervisor was mooted by jury verdict for defendant officer because "[i]n the absence of any underlying use of excessive force against [plaintiff], liability cannot be placed on . . . a supervisor").

Gemaehlich also contends that the district court erred in dismissing his state law assault and battery claims under the one-year statute of limitations found in Virginia Code § 8.01-243.2 (2007). "We review de novo a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Sec'y of State for Def. v. Trimble Navigation, Ltd., 484 F.3d 700, 705 (4th Cir. 2007). Section 8.01-243.2 imposes a one-year statute of limitations on actions relating to the conditions of confinement,[3] and the Supreme Court of Virginia applies this limitations period to pretrial detainees who are no longer confined at the time they bring the

---

[3] Section 8.01-243.2 also requires exhaustion of administrative remedies prior to filing a civil complaint; however, Defendants did not raise the issue in the district court.

action.  See Lucas v. Woody, 756 S.E.2d 447 (Va. 2014); Bing v. Haywood, 722 S.E.2d 244 (Va. 2012).  Gemaehlich's state law assault and battery claim, brought nearly seven months after the expiration of the one-year statute of limitations, is therefore barred.  Thus, the district court correctly granted Defendants' motion to dismiss that claim.

Accordingly, we affirm the district court's orders.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED